UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA BERRYHILL<br>c/o James J. Hux<br>Hux Law Firm, LLC<br>3 Severance Circle #18147<br>Cleveland Heights, Ohio 44118<br><br>On behalf of herself and all others similarly situated,<br><br><br><br>v.<br><br>B&I HOTEL MANAGEMENT, LLC<br>Dba The Bertram Inn & Conference Center<br>c/o Steven L. Marton<br>34555 Chagrin Boulevard.<br>Moreland Hills, Ohio 44022<br><br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGE ACT**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff, Jessica Berryhill, by and through undersigned counsel, brings this action on behalf of herself and all those similarly situated against Defendant B&I Hotel Management, LLC dba The Bertram Inn & Conference Center ("Bertram"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law"), O.R.C. §§ 4111.15 *et seq*. Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted individually. The following allegations are based upon information and belief, or personal knowledge as to Plaintiff's own conduct and the conduct and acts of others.

## JURISDICTION & VENUE

1. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Berryhill's Ohio Wage Law claims, because those claims derive from a common nucleus of operative fact.

3. This Court has personal jurisdiction over Bertram B&I Hotel Management, LLC dba The Bertram Inn & Conference Center ("Bertram") is a domestic corporation that is registered to conduct business in this District, and at all times material to the allegations contained herein, Bertram conducted substantial business in this District and had sufficient minimum contacts within this District.

4. This Court has personal jurisdiction over Bertram because it maintains control, oversight, and direction over the operation of Bertram's facilities, including their employment practices.

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because at all times relevant hereto, Bertram is and has been responsible for the acts alleged herein, all of the practices complained of herein occurred in this District, and Bertram has received substantial compensation as a result of doing business in this District.

## PARTIES

6. Berryhill is an adult resident of the city of Streetsboro, county of Portage, in the state of Ohio.

7. Bertram is a domestic corporation lawfully licensed to conduct business in the state of Ohio with its principal place of business located in the state of Ohio at 600 N. Aurora Road, Aurora, Ohio 44202.

8. All material events alleged in this Complaint occurred in Portage County.

9.  During all times material to this Complaint, Bertram was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

10. During all times material to this Complaint, Bertram was an "employer" within the O.R.C. § 4111.03(D).

11. During all times material to this Complaint, Berryhill was an "employee" of Bertram within the meaning O.R.C. § 4111.03(D).

## FACTS

12. On or about February 15, 2018, Bertram hired Berryhill as a front desk associate.

13. Berryhill is a former employee of Bertram.

14. As a front desk associate, Berryhill was a non-exempt employee, and subject to minimum wage and overtime requirements of the FLSA and the Ohio Wage Law.

15. Berryhill regularly worked over 40 hours per week at Bertram.

16. During her employment at Bertram, Berryhill was entitled to receive an overtime pay for any hours worked in excess of 40 per week.

17. During her employment at Bertram, Berryhill noticed that improper deductions were made from her pay.

18. Berryhill was not compensated fully for all of her hours worked and overtime hours earned.

19. As a result of Bertram's unlawful refusal to compensate Berryhill fully for earned overtime, Berryhill suffered, and will continue to suffer, pecuniary harm.

20. At times, Bertram's failure to pay Berryhill for all hours worked resulted in her regular rate of pay falling below the applicable minimum wage, as established by the FLSA and Ohio Wage Law.

21. As a result of Bertram's unlawful deductions and withholdings from her pay, Berryhill suffered, and will continue to suffer, pecuniary harm.

22. Berryhill reported to the Department of Labor that Bertram was deducting her pay without authorization.

23. A Department of Labor representative stated that Bertram had issues with unauthorized deductions in the past and said it would be in compliance with the FLSA.

24. Specifically, Liz Colwell, the payroll manager who was subject of the previous deductions, stated she would be in compliance with the FLSA.

25. Berryhill resigned from employment at Bertram on January 25, 2019.

26. Berryhill resigned because of the continued unauthorized deduction.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

27. Berryhill restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

28. At all times hereinafter mentioned, Bertram was a single enterprise within the meaning of section 3(r) of the Fair Labor Standards Act ("FLSA").

29. During all times material to this complaint, Berryhill was not exempt from receiving overtime and/or minimum wage under the FLSA because, inter alia, she was not an "executive," "computer," "administrative," or "professional" employee, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

30. During all times material to this Complaint, Bertram violated the FLSA with respect to the Berryhill by, *inter alia*, failing to compensate her at time-and-one-half times her regular rate of pay for any hours worked in excess of forty (40) hours per workweek.

31. During all times material to this complaint, Bertram knew that Berryhill was not exempt from the minimum wage and overtime obligations imposed by the FLSA.

32. During all times material to this complaint, Bertram knew of their requirement to pay Berryhill at least the applicable minimum wage, plus overtime compensation at a rate of one and one-half her regular rate for hours worked in excess of forty (40) hours per workweek.

33. Bertram willfully withheld and failed to pay overtime compensation to which Berryhill was entitled.

34. In violating the FLSA, Bertram acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

35. As a direct and proximate cause of Bertram's conduct, pursuant to 29 U.S.C. § 216(b), Bertram is liable to Berryhill and those similarly situated for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## **COUNT II: VIOLATION OF THE OHIO WAGE ACT**

36. Berryhill restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

37. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, *et seq.*

38. During all times material to this Complaint, Berryhill was a covered employee entitled to individual protection of the Ohio Wage Act.

39. During all times material to this Complaint, Bertram was a covered employer required to comply with the Ohio Wage Act's mandates.

40. Berryhill worked over forty hours per workweek during her employment with Bertram.

41. Bertram did not pay Berryhill overtime wages for hours worked over forty per workweek.

42. Pursuant to Ohio Rev. Code § 4111.03(A), an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of 40 hours in one workweek.

43. Berryhill was a non-exempt employee for purposes of Ohio Rev. Code § 4111.03(A).

44. As a direct and proximate result of Bertram's failure to pay Berryhill her lawfully earned overtime wages, Berryhill suffered damages.

45. Bertram acted willfully, without a good faith basis and with reckless disregard in violating O.R.C. §§ 4111.01, *et seq*.

46. Bertram acted in bad faith in violating O.R.C. §§ 4111.01, *et seq*.

47. As a direct and proximate result of Bertram's failure to pay Berryhill her lawfully earned overtime wages, pursuant to Ohio Rev. Code § 4111.10(A), Bertram is liable to Berryhill for the full amount of the overtime wage rate, as well as for costs and reasonable attorneys' fees as may be allowed by the Court.

### COUNT III: VIOLATION OF THE FAIR LABOR STANDARDS ACT AND OHIO REV. CODE § 4111.02 FOR FAILURE TO PAY MINIMUM WAGE

48. Berryhill restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

49. During Berryhill's employment with Bertram, Bertram failed to compensate Berryhill at a wage rate required under 29 U.S.C. § 206 and Ohio Rev. Code § 4111.02.

50. As a direct and proximate cause of Bertram's failure to pay Berryhill at a rate required under 29 U.S.C § 206 and Ohio Rev. Code § 4111.02, Berryhill has suffered damages.

51. As a direct and proximate cause of Bertram's actions, pursuant to 29 U.S.C. § 216(b), Bertram is now liable to Berryhill for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Jessica Berryhill respectfully requests that this Honorable Court grant the following relief:

Berryhill requests judgment against Bertram and for an Order:

(a) Awarding to Berryhill unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;

(b) Awarding Berryhill costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(c) Awarding Berryhill such other and further relief as the Court deems just and proper;

(d) An injunction prohibiting Bertram from engaging in future violations of the FLSA and the Ohio Wage Act;

(e) For a judgment against Bertram for all damage, relief, or any other recovery whatsoever; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

James J. Hux (0092992)
**HUX LAW FIRM, LLC**
3 Severance Circle #18147
Cleveland Heights, Ohio 44118
Phone: (937) 315-1106
Fax:    (216) 359-7760
Email: jhux@huxlawfirm.com

*Attorney For Plaintiff Jessica Berryhill*

## <u>JURY DEMAND</u>

Plaintiff Jessica Berryhill demands a trial by jury by the maximum number of jurors permitted.

James J. Hux (0092992)